# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD J. BUNYAN, PHILLIP C. CENATIEMPO, DAVID M. FOULKES, RONALD LAURVICK, and JEAN L. HUNT, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 07-CV-0089-MJR |
| SPECTRUM BRANDS, INC. and UNITED INDUSTRIES CORPORATION a/k/a CHEMISCO, INC., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A.  Introduction and Factual/Procedural Background

Plaintiffs filed this action on February 2, 2007 (Doc. 2).  On April 13, 2007, Magistrate Judge Philip M. Frazier held a scheduling and discovery conference and ordered that Plaintiffs' motion for certification as a collective action by filed by February 1, 2008 (Doc. 20). Plaintiffs failed to meet that deadline, so Defendants moved to strike Plaintiffs' collective action on February 25, 2008 (Doc. 55).

On February 26, 2008, Plaintiffs moved the Court to grant an extension of time to file its motion for certification (Doc. 59).  Defendants opposed the motion on the grounds that Plaintiff had not shown good cause, and that an extension would make it difficult to meet the Court's deadlines for filing dispositive motions and the trial date (Doc. 62).  On March 5, 2008, Magistrate Judge Frazier held a telephonic hearing and granted the motion for an extension of time (Doc. 63). Subsequently, Magistrate Judge Frazier denied as moot Defendants' motion to strike (Doc. 55).

Unhappy with this result, Defendants now appeal Magistrate Judge Frazier's modification of the scheduling order (Doc. 65). The matter has now been fully briefed (Docs. 66, 71, & 73). Having reviewed Defendants' appeal, the Court **AFFIRMS** the Magistrate Judge's ruling (Doc. 63).

### B. Analysis

**FEDERAL RULE OF CIVIL PROCEDURE 72(a)** provides that where a party objects to the Magistrate Judge's ruling on a non-dispositive pre-trial matter, "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

The Court finds that Magistrate Judge Frazier's ruling was not clearly erroneous or contrary to law. **FEDERAL RULE OF CIVIL PROCEDURE 16(b)(4)** provides that "[a] schedule may be modified only for good cause and with the judge's consent." Whether to modify a scheduling Order is a matter within the Court's discretion.

Defendants point out that the basis for Plaintiffs' request for an extension of time is due to the fact that Plaintiffs' counsel "failed to notice [that] the Minute Order of April 13, 2007 required Plaintiffs' Motion for Certification as a Collective Action be filed by February 1, 2008 and as a result did not prepare Plaintiffs' Motion to be filed by that time" (Doc. 59). Plaintiffs' counsel also states that he "received and filed that Minuted Order, but failed to calendar the dates and forgot about them" (Doc. 58).

Defendants overstate their argument by ignoring the fact that Plaintiffs provide additional grounds for their motion for an extension of time to move for certification. Plaintiffs also state that various events occurred in the course of the litigation that have affected the progress of the case (Doc. 58). These changes include that Defendant Spectrum Brands amended its answer

alleging that it was not the proper party and sought to substitute United Industries Corp.[1] Additionally, Plaintiffs argue discovery revealed that more potential current and former workers were subject to the same overtime compensation policy and might be affected by the litigation. Plaintiffs also point out that Plaintiff Lewis died during the pendency of this action.

While Plaintiffs admit that counsel's mistake in forgetting about the April 13, 2007 Order was the primary reason for their failure to move for certification, it appears that Magistrate Judge Frazier thoroughly considered all of the facts, held a hearing in which the parties were heard, and ultimately granted the extension.

In light of the foregoing, the Court finds that Magistrate Judge Frazier's decision to modify the scheduling order by extending Plaintiffs' time to file their motion to certify is not clearly erroneous or contrary to law. Consequently, the Court **AFFIRMS** Magistrate Judge Frazier's ruling (Doc. 63).

### C. Conclusion

Accordingly, the Court **AFFIRMS** the Magistrate Judge's ruling (Doc. 63). Finally, the Court points out that if the Defendants feel that the extension of time creates a difficulty in meeting other deadlines—such as filing dispositive motions and adequately preparing for trial—they may seek to amend the scheduling order by filing a formal motion.

**IT IS SO ORDERED.**

**DATED this 25th day of April 2008.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**

---

[1] United Industries Corp. was in fact later added as a Defendant in Plaintiffs' amended complaint.